WILLIAM M. DAVIS, Plaintiff, *v.* JULIUS KESSLER & CO., INC., Defendant.

Supreme Court, New York Special Term, March, 1922.

Corporations — courts — jurisdiction — action by non-resident against foreign corporation — practice — reference to ascertain whether defendant is doing business in this state.

Sections 46 and 47 of the General Corporation Law concern jurisdiction over the subject-matter, and, in actions between foreign parties plaintiff and a foreign corporation defendant, jurisdiction is either not conferred upon or expressly denied to our courts, unless the foreign corporation is " doing business in this state," and if that fact be absent, jurisdiction cannot be conferred even by consent of the defendants.

A quantity of whisky purchased by plaintiff, a resident of Minnesota, from the defendant, a corporation of West Virginia, having its principal place of business in Illinois, was destroyed by fire while stored in defendant's warehouse in

Kentucky. In an action to recover for the breach of a contract made outside of the state of New York to insure the whisky, the complaint alleged that at all times therein mentioned the defendant was, and now is, doing business in the state of New York. The defendant appeared generally and alleged that it was not doing business in this state at the commencement of the action. *Held,* that a reference to ascertain such facts was a proper disposition of a motion to dismiss the complaint and it is accordingly so ordered.

MOTION to dismiss complaint.

*Celler & Kraushaar,* for plaintiff.

*Hirsch, Sherman & Limburg,* for defendant.

BIJUR, J. On motion to dismiss complaint. This is an action to recover damages for defendant's alleged breach of contract in failing to keep insured 300 barrels of whisky purchased by plaintiff from defendant and destroyed by fire while stored in defendant's bonded warehouse in Kentucky. Plaintiff is a resident of Minnesota, the defendant a corporation of West Virginia, having its principal place of business in the state of Illinois. The contract was made outside of the state of New York.

To bring the case within the purview of the statute which confers upon our courts jurisdiction in an action by a non-resident against a foreign corporation (Gen. Corp. Law, § 47) the complaint alleges that at all times therein mentioned the defendant was and now is doing business in this state.

Defendant claims (1) that it was not doing business in this state at the time of the commencement of the action, and (2) that if it should be found to have been doing business at that time this court should, in the exercise of its discretion, decline to take jurisdiction, because both parties are non-residents, and the cause of action arose outside of the state.

The conception of a corporation as an artificial legal entity early gave rise to difficulties. These were increased as the complexities of growing industrial life required the formulation of analogies between corporations and natural persons in some relations and of distinctions in others. Nowhere was the problem more puzzling than in the field of jurisdiction, in particular in respect of foreign corporations. Chief Justice MARSHALL himself, who wrote for a unanimous court on the phase of the question in *Bank of U. S.* v. *Deveaux,* 5 Cranch, 61 (1809), is said by Mr. Justice WAYNE in *Louisville R. R. Co.* v. *Letson,* 2 How. 497, 555 (1844), to have " repeatedly expressed regret " with that decision. It is not surprising, therefore, that ever-recurring new aspects of the problem present new perplexities. " Before the Revised Statutes, a foreign corporation could not be sued at law *in invitum,* in our courts." *Gibbs* v. *Queen Ins. Co.,* 63 N. Y. 114, 116. In

*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315, 322, 323 (1889), it was pointed out that this court, being one of general jurisdiction, " could, independently of any statute, entertain actions against foreign corporations * * * provided jurisdiction could be obtained of their persons," as had been done in *McCormick* v. *Pennsylvania Central R. R.*, 59 N. Y. 303, by defendant's voluntary general appearance. When, however, section 1780 was added to the Code of Civil Procedure it restricted jurisdiction over foreign corporations in actions where a non-resident or a foreign corporation was plaintiff to the cases enumerated in subdivisions 1, 2 and 3 of that section. These in substance cover matters arising or situated within this state and are wholly immaterial to the instant case. The court in the *Robinson* case expressed the opinion that the word " only " had been inserted in the section in order to change the rule announced in the *McCormick* case. By the Laws of 1913 (chap. 60) a fourth subdivision was added extending the jurisdiction of our courts in actions between such foreign parties to a case " Where a foreign corporation is doing business within this state." Section 1780, as thus amended, has, since the enactment of the Civil Practice Act, been retained as sections 46 and 47 of the General Corporation Law. Jurisdiction in the instant case is dependent, therefore, upon the fact of defendant doing business within this state at the time the action was begun.

The line of demarcation between jurisdiction over the subject-matter and jurisdiction over the person, while generally clear and broad at times, becomes almost indistinguishable. I take it, however, that the conclusion to be drawn from the language of the statute, as it has been interpreted and so far as it is here applicable, is that jurisdiction in actions where foreign parties are plaintiffs and a foreign corporation the defendant is either not conferred upon or expressly denied to our courts unless the foreign corporation " is doing business in this state," and that if that fact be absent jurisdiction cannot be conferred even by the voluntary appearance of the defendant. The section, therefore, concerns jurisdiction over the subject-matter. This consideration is important in the instant case because the defendant has appeared generally, thus making it unnecessary to consider the perplexing question of jurisdiction over the person discussed in the line of cases represented by *Old Wayne Life Ass'n* v. *McDonough*, 204 U. S. 8, 22 (1906); *Simon* v. *Southern Ry. Co.*, 236 id. 115 (1915); *Chipman, Ltd.*, v. *Jeffery Co.*, 251 id. 373 (1919); *Mitchell Furniture Co.* v. *Selden Breck Const. Co.*, 42 Sup. Ct. Rep. 84; *Missouri Pac. R. Co.* v. *Clarendon Boat Oar Co.*, Id. 210, *Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432 (1916); *Tauza* v. *Susquehanna Coal Co.*, 220

id. .259 (1917), and *Dollar Co.* v. *Canadian C. & F. Co.*, Id. 270 (1917). Counsel have recognized the vital significance of the question whether the defendant was doing business in this state at the time the action was begun and the difficulty of determining that fact upon mere affidavits. Without reviewing the details of the affidavits presented, I think it sufficient to say that I would not undertake to reach a decision without full presentation of testimony before a referee.

As to defendant's second contention, *i. e.*, that even if jurisdiction exists it is only discretionary and should be declined, it is true that section 1780 has been construed as not affecting the discretion of the court to decline jurisdiction in appropriate cases. *Waisikoski* v. *Philadelphia & Reading C. & I. Co.*, 173 App. Div. 538 (1916); affd. on opinion of JENKS, P. J., 228 N. Y. 581. Counsel have, however, overlooked the fact that this discretionary jurisdiction relates only to " actions between foreigners or non-residents founded upon personal injuries or purely personal wrongs " and does not include " causes of action arising out of commercial transactions and affecting property or property rights." *Wertheim* v. *Clergue*, 53 App. Div. 122, 126 (1900). No case can be found in which the rule has been followed in any other class of actions. It is, therefore, inapplicable here.

This motion will, therefore, be disposed of by directing a reference upon the question whether defendant at the time of the beginning of this suit was doing business within this state.

Ordered accordingly.