CRANE, HAYES & COMPANY, Plaintiff, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Defendant.

City Court of New York, County of Bronx, December 22, 1927.

Corporations — foreign corporations — action by Massachusetts corporation against Connecticut corporation, doing business in this State, for breach of contract — court has no discretion under General Corporation Law, § 47, to refuse jurisdiction for inconvenience of witnesses.

In this action by a Massachusetts corporation against a Connecticut corporation, doing business in this State, for breach of contract, the court has no discretion,

under section 47 of the General Corporation Law, to refuse jurisdiction on the ground of expense and inconvenience in bringing witnesses here from without the State.

MOTION to dismiss complaint for lack of jurisdiction.

*Charles M. Sheafe, Jr.* [*H. L. Filer* of counsel], for the motion.

*Vincent A. O'Conner,* opposed.

DONNELLY, J.    The plaintiff, a Massachusetts corporation, having its principal office at Boston, Mass., and no office for the transaction of business in this city or State, brings this action against the defendant, a corporation organized under the laws of the State of Connecticut, but doing business in this State and in this county, to recover damages for an alleged breach of contract between the parties, for a shipment from Unionville, Mass., to Wheeling, W. Va., of a carload of cotton sweepings of the alleged value of $1,600. The main ground urged for the dismissal of the complaint is the expense and inconvenience of bringing witnesses here from without the State.    The answer does not raise the question of this court's jurisdiction nor does the defendant appear specially and present that question, but it contends it may be raised at any stage of the trial and asks that the court's discretion be exercised favorably to the defendant's application, for the reason already stated.    By section 47 of the General Corporation Law of this State (added by Laws of 1920, chap. 917), it is provided: " An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases, only: * * * 4. Where a foreign corporation is doing business in this state."    Where a foreign corporation or a nonresident of this State brings against a foreign corporation doing business within this State, an action to recover damages for breach of contract, it would seem that the courts of this State have no discretion to refuse jurisdiction.    (*Davis* v. *Kessler & Co.,* 118 Misc. 292, and cases cited; *Stagg* v. *British Controlled Oilfields, Ltd.,* 117 id. 474, and cases cited.)    In *Belden* v. *Wilkinson* (44 App. Div. 420) it was said: " Our courts will ordinarily entertain such an action unless special reasons are shown why it should not be done."    My attention has not been directed to any authority for the proposition that the inconvenience of bringing witnesses here from without the State is one of the special reasons why the parties in the instant case or in a case in which the circumstances are similar should be denied access to this court for the disposition of their differences.    Motion denied.    Order filed.