CONSUMERS LUMBER COMPANY, Appellant, *v.* HARVEY LINCOLN and Another, Respondents.

Third Department, March 29, 1929.

*J. B. McCormick*, for the appellant.

*Silas E. Everts*, for the respondents.

PER CURIAM. Plaintiff is a foreign corporation. The defendant Colburn was residing in this State when served with the summons herein. The defendant Lincoln, though a non-resident, was served in this State. The complaint has been dismissed on the ground that the court had not jurisdiction of the action (Rules Civ. Prac. rule 107) which is brought to recover for a tort committed in the State of Vermont. Colburn, who took part in the commission of the tort, was at that time a resident of the State of Vermont.

A personal action sounding in tort is transitory. A non-resident

plaintiff has the right to prosecute in the courts of this State a transitory action against a resident defendant. (*Crashley* v. *Press Publishing Company*, 179 N. Y. 27; 15 C. J. 793.) A court has power to determine whether it has jurisdiction of a controversy and may dismiss an action for want of jurisdiction. Its decision is a judicial act and must be in the form of a judgment. (*King* v. *Poole*, 36 Barb. 242.) The general rule is that lack of jurisdiction to render a judgment may be asserted at any time. " There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding." (*O'Donoghue* v. *Boies*, 159 N. Y. 87, 99; *Matter of Doey* v. *Howland Co.*, 224 id. 30.) In a court of general jurisdiction it is to be presumed that the court has jurisdiction until the contrary appears and is determined. In the instant case there is in the complaint no allegation as to the residence of either defendant and no answer has been served. The Supreme Court of this State is a court of general jurisdiction. It does not appear in the affidavits that the defendant Colburn is not a resident of the State. The fact that one defendant is a resident of the State may authorize the court to take jurisdiction of the action, although other defendants are non-residents. (15 C. J. 793, and cases cited.) No facts are presented to the court here showing as a matter of law that Colburn is not a real party in the controversy; that it would be futile to prosecute the case against him; or that at the time he was served herein he was not a *bona fide* resident of this State. If either of the defendants desire to raise the question of jurisdiction on any ground he may do so by answer and the issue thus raised may be litigated at the trial. (*Woicianowicz* v. *Philadelphia & R. C. & I. Co.*, 232 N. Y. 256; *Gregonis* v. *Philadelphia & R. C. & I. Co.*, 235 id. 152.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN KIRK, P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.