Vincent A. Lupiano, J.
The defendant appears specially, and by this motion seeks an order setting aside the service of the summons on the grounds of insufficient service of process, or in the alternative, an order dismissing the complaint because the defendant is not subject to the jurisdiction of the court and because the court has no jurisdiction over the subject matter of the action.
The plaintiff, a Turkish citizen and nonresident of New York, entered into an employment contract with a California corporation, not doing business in New York, in July, 1956. The contract was not made in New York and none of its terms or condi- *599 tians were to be performed in New York. The contract provided in part:
“ 5. This contract is to be construed pursuant to the laws of the State of New York and both parties agree that only the New York courts shall have jurisdiction over this contract and any controversies arising out of this contract. Both parties agree to submit any controversies or problems arising out of this contract to the New York courts and the New York courts only.
“ Both parties agree that service of process may be made by registered special delivery air mail addressed to the other party at his or its last known address and that the time to respond to such process shall be 40 days from the date of mailing thereof.”
The plaintiff served the summons and complaint by registered mail upon the defendant in California. The complaint alleges breach of contract and seeks money damages. No property of the defendant was attached by the plaintiff in New York.
The principal questions to be determined are whether this court has jurisdiction over the defendant corporation, and if it has, whether this court has jurisdiction over the subject matter of the action.
As to the preliminary question, the law is established that where a defendant corporation is not doing business in this Stake personal jurisdiction cannot be obtained nor can such a corporation be served personally in New York State (Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270; Sunrise Lumber Co. v. Bierry Lumber Co., 195 App. Div. 170; Meyer v. Sachs Mfg. Co., 200 App. Div. 458). Personal service attempted within our State upon an officer of a foreign corporation not doing business here does not confer in personam jurisdiction. For, while such service apparently satisfies the requirements of section 229 of the Civil Practice Act, it violates the due process clause of the Fourteenth Amendment of the Federal Constitution (Capello v. Union Carbide & Carbon Corp., 276 App. Div. 277). Nevertheless, a foreign corporation may voluntarily submit to the jurisdiction of this court and such voluntary submission may be agreed upon in advance. (Gilbert v. Burnstine, 255 N. Y. 348; Pohlers v. Exeter Mfg. Co., 293 N. Y. 274; Matter of Heyman, Inc. v. Cole Co., 242 App. Div. 362; Hess v. Pawloski, 274 U. S. 352; Penn Fire Ins. Co. v. Gold Issue Min. Co., 243 U. S. 93.)
By the service of the summons and complaint by registered mail, pursuant to the terms of the contract, the defendant legally submitted to this jurisdiction.
*600 This leaves the determining second question, which must be resolved within the construction of section 225 of the General Corporation Law, which, in substance, states that a nonresident can only maintain one of the following actions against a foreign corporation not doing business in New York: (1) an action for breach of contract made in New York or relating to property which was located in New York when the contract was made; (2) an action to recover real or personal property which is in New York; or (3) an action which arose in New York and does not affect the title to real property outside of New York. This section was originally section 1780 of the Code of Civil Procedure which, since the adoption of the Civil Practice Act, has been retained as section 225 of the General Corporation Law. It is jurisdictional and may be raised by a party affirmatively or by the court on its own motion at any time before judgment. If the action does not fall within the subdivisions of this section, the court must dismiss it. Section 225 is based upon sound policy considerations. Its purpose and operation is to prohibit nonresident parties and corporations from haphazardly choosing New York State as the forum for their various litigations. Moreover, the fact that a foreign corporation appears voluntarily cannot be construed as a waiver of section 225 (Davis v. Julius Kessler & Co., 118 Misc. 292). For, if this were permitted, it would render section 225 ineffective.
I find that the court lacks jurisdiction over the subject matter of this action. Accordingly the motion is granted. Settle order.