Harold A. Stevens, J.
Plaintiff by letter makes application for reargument of this motion (32 Misc 2d 1037), alleging that we appear to have overlooked section 223 of the General Corporation Law which it feels applicable. Application for reargument is denied.
Section 223, so far as pertinent here, provides that a foreign corporation may maintain an action in “ like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law ”.
Section 218 of the General Corporation Law limits the right to maintain an action upon a contract made in this State unless such foreign corporation, doing business here, shall have obtained a certificate of authority prior to the making of such contract. That section is not applicable here for it does not appear that the contract sued upon was made in this State. It merely affects the right to seek redress in a particular forum provided a stated condition exists.
Section 224 and section 225 concern jurisdiction over subject matter. Section 224 provides, in part, that a domestic corporation may maintain an action for any cause of action against a foreign corporation. Section 225, so far as here applicable, provides that a foreign corporation or nonresident may maintain an action against another foreign corporation “ 4. Where a foreign corporation is doing business within this state”. This seems a limitation upon the power of the plaintiff foreign corporation to maintain the action as a matter of right.
The defendant here is a nonresident partnership, not doing business here, and the contract was not executed or to be performed in the State of New York.
We are now confronted with the question whether in this commercial case there is discretionary power in the court and what is the effect of the consent executed by the defendant.
We are of the opinion that the consent is ineffectual to confer jurisdiction of the subject matter, by reason of the language of section 225 of the General Corporation Law.