Arthur Markewich, J.
The motion to vacate the service of the summons or to dismiss for lack of jurisdiction is denied. The contract, in paragraph 5, states: “Both parties agree that service or process may be. made by registered special delivery air mail addressed to the other party at his or its last known address and that the time to respond to such process shall be 40 days from the date of mailing thereof.” This provision of the contract was complied with and therefore the service is proper. The contract further reads: ‘' This contract is to be construed pursuant to the laws of the State of New York and both parties agree that only the New York Courts shall have jurisdiction over this contract and any controversies arising out of this contract.” As stated in Holzer v. Deutsche Reichsbahn-Gesellschaft (277 N. Y. 474, 478): “The courts of this State are empowered to entertain jurisdiction of actions between citizens of foreign countries or other States of this Union based upon contracts between non-residents to be performed outside this State.”
Not only did both parties confer jurisdiction upon this court, but should the court decline jurisdiction it might foreclose the plaintiff from any other remedy. The above-cited paragraph makes New York courts the only forums wherein the plaintiff can get any relief. Lastly, the plaintiff is the assignee of the nonresident assignor. He has the right to maintain the present action (McCauley v. Georgia R. R. Bank, 239 N. Y. 514).