**ELECTRONIC RACE PATROL, INC.,**
**Plaintiff,**

v.

**NATIONAL TRAILER CONVOY, INC.**
**and Southwest Casualty Insurance**
**Company, Defendants.**

United States District Court
S. D. New York.
Feb. 24, 1961.

Tell, Cheser, Werner & Breitbart, New York City, for plaintiff; Benjamin L. Tell, New York City, of counsel.

Reilly & Reilly, New York City, for defendant National Trailer Convoy, Inc.; William J. Tobin, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff and defendant are both foreign corporations and neither has its principal place of business in New York. The case has been removed from the New York Supreme Court to this court upon the ground of diversity of citizenship. Defendant, pursuant to section 221(c) of the Motor Carriers Act, 49 U.S.C. § 321(c), having named a person on whom process can be served in the State of New York, process has been served upon him. Defendant moves that the complaint be dismissed on the grounds that the venue is improper and the court does not have jurisdiction of the subject matter.

Neither defendant nor plaintiff submits any facts to indicate whether defendant is doing business within the State of New York. The motion is based upon the statement that the action is one against a motor carrier for damages to property shipped from Florence, Kentucky, to Laurel, Maryland, that the cause of the damage was an accident which occurred near Hebron, Ohio, that the contract of carriage was made in Kentucky and that therefore a court in New York ought not to be burdened with the case.

Defendant makes the point that it is entitled to relief on the ground of forum non conveniens but submits no facts to substantiate that position so that, if relief is to be afforded it, it must be on the ground that, as a matter of law, the venue is improper or the court without jurisdiction.

The venue of removed actions is governed by section 1441(a) of title 28 U.S. Code. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331. That section provides that the court to which the case shall be removed is "the district court * * * for the district and division embracing the place where such action is pending". This action was removed to the district court for the district embracing the place where it was pending in the state court so that the statute, as it reads literally, has been satisfied.

That leaves open, however, the question whether this court has jurisdiction. It certainly has jurisdiction of the person of defendant because the agent authorized by defendant to receive process was served. The question of jurisdiction of the subject matter remains. That question must be answered by New York State law. If the New York Supreme Court did not have jurisdiction of the subject matter defendant could not breathe life into the case by removing it to the district court even if the district court would have had jurisdiction of it as an original matter. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Caraway v. Ford Motor Company, D.C. W.D.Mo.W.D., 144 F.Supp. 295.

Under the New York law, suits may be maintained against a foreign corporation by another foreign corporation in only four cases. Section 225 of the New York General Corporation Law reads as follows:

"§ *225. Action against foreign corporation by another foreign corporation or non-resident*

"An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:

"1. Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state, at the time of the making thereof.

"2. Where it is brought to recover real property situated within the state, or a chattel, which is replevied within the state.

"3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

"4. Where a foreign corporation is doing business within this state.

"Within the meaning of this section, a foreign corporation shall not include a corporation located in this state and created by or under the laws of the United States."

■ Parties to an action against a foreign corporation which does not fall within one of the four categories of section 225 cannot by their consent confer upon the court jurisdiction over the subject matter. Fidan v. Austral American Trading Corp., Sup.Ct.Spec.T., 8 Misc. 2d 598, 168 N.Y.S.2d 27; see Robinson v. Ocean Steam Navigation Co., Ltd., 112 N.Y. 315, 19 N.E. 625, 2 L.R.A. 636; Davis v. Julius Kessler & Co., Sup.Ct. Spec.T., 118 Misc. 292, 194 N.Y.S. 9; but

see Elkin v. Austral American Trading Corp., Sup.Ct.Spec.T., 10 Misc.2d 879, 170 N.Y.S.2d 131.

The facts of this case negate the possibility of jurisdiction under the first three of the four heads permitted by the statute That leaves only the possibility that the court may have jurisdiction because defendant is doing business in the State of New York.

■■ The burden of proof on this particular question rests upon plaintiff under the federal law, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, and upon defendant under the state law which rebuttably presumes jurisdiction in courts of general jurisdiction, Condon v. Associated Hospital Service, 287 N.Y. 411, 414–415, 40 N.E.2d 230; Consumers' Lumber Co. v. Lincoln, 3rd Dept., 225 App.Div. 484, 233 N.Y.S. 530. My conclusion is that the state law applies since this is a removed case. The problem does not differ greatly from that presented to the district court by the question whether a foreign corporation is doing business within the state embraced by the district so as to subject itself to service in a diversity case. If the case is one which has been brought originally in the federal court under the diversity jurisdiction the federal law applies, Jaftex Corporation v. Randolph Mills, Inc., 2 Cir., 282 F.2d 508, but, if the case is one removed to the federal court under the diversity jurisdiction, the state law applies. Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33. Accordingly, I feel that I must follow the state rule and hold that the burden is upon defendant to prove that it is not doing business within the State of New York. That it has not done. On the record before me, therefore, the New York Supreme Court thus had jurisdiction of the subject matter of this case and that jurisdiction was transferred to this court by removal.

Motion denied.