William R. Brennan, Jr., J.
The defendants Graphic Art Designers, Inc. and Ervin B. Magyary, appearing specially, move to set aside the service of the summons on the ground that *443 the service upon them was insufficient or, in the alternative, for judgment dismissing the complaint for lack of jurisdiction of the subject matter.
The plaintiff is a Delaware corporation, authorized to do business in the State of New York. It maintains its place of business in Nassau County. It leased to the movant Graphic Art Designers Inc., of Hollywood, California, certain equipment. The lease is in writing and a guarantee of payment executed by the movant Ervin B. Magyary is also in writing. In both documents, the parties designate Florence Weinberg, of 47-21 Forty-First Street, Long Island City, New York, “ as agent for the purpose of accepting service of any process within the State of New York.” Florence Weinberg has been personally served.
In addition, the leasing contract provided: ‘c This agreement shall be deemed to have been made in Nassau County, New York * * * and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of New York ”. The guarantee contained similar language.
Insofar as service of process is concerned, the question has been resolved by this court (Widlitz, J.) in National Equip. Rental v. Boright (N. Y. L. J., July 17, 1962, p. 8, col. 6; p. 9, col. 1) in which, in construing a similar designation of an agent to receive service of process, the court said: “The instant situation concerns a contractual designation. The propriety of service in accordance with an advance designation has been upheld in Gilbert v. Burnstine (255 N. Y. 348), Emerson Radio & Phonograph Corporation v. Eskin (32 Misc. 2d 1038), National Equipment Rental, Ltd., v. Karlin (6 Misc. 2d 128, 166 N. Y. S. 2d 27).” Accordingly, to the extent that the motion seeks to set aside service of the summons as insufficient, it is denied.
That branch of the motion which seeks a dismissal of the complaint as to the moving defendants upon the ground that the court lacks jurisdiction over the subject matter of the action, to wit, a breach of contract and of a guarantee thereunder, is likewise denied. As to the corporate defendant, section 225 of the General Corporation Law provides that an action may be maintained against a foreign corporation by another foreign corporation: “ 1. Where the action is brought to recover damages for the breach of a contract made within the state ”. Not only was the last signature on the contract, that of the plaintiff, affixed in New York, but, as already noted, the contract expressly provided that it was deemed to have been made in New York and was to be interpreted in accordance with the laws of New *444 York. The action is, therefore, one “to recover damages for the breach of a contract made within the state ” within the language and purview of section 225 of the General Corporation Law.
The moving defendants have included within their motion an application for the court to decline jurisdiction of the action under the doctrine of forum non conveniens. They are, of course, free to make this application even as they object to jurisdiction over their persons (Blue v. Standard Coil Prods. Co., 117 N. Y. S. 2d 858, 865) and over the subject matter (Bata v. Bata, 304 N. Y. 51, 53, affg. 277 App. Div. 335). The application is denied. Not only was the basic contract made in New York, but the parties stipulated that it should be interpreted and the rights and liabilities of the parties determined in accordance with the laws of the State of New York, and the contract made provision for acquiring personal jurisdiction of the defendants in New York. Express stipulations in furtherance of business convenience or necessity and voluntarily made should not be lightly disregarded. Consents contained in the basic agreement necessarily implied that New York would be the forum for litigation. The intent of the parties thus expressed or implied will not be frustrated nor the plaintiff’s choice of forum disturbed (cf. Compania de Inversiones Internacionales v. Industrial Mtge. Bank, 269 N. Y. 22, 26; Dougherty v. Equitable Assur. Soc., 266 N. Y. 71, 81; Holzer v. Deutsche Reichsbahn-Gesellschaft, 277 N. Y. 474, 478; Elkin v. Austral Amer. Trad. Corp., 10 Misc 2d 879; Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 508).