CALZATURIFICIO GIUSEPPE
GARBUIO S. A. S. d/b/a La
Dolomite, Plaintiff,

v.

DARTMOUTH OUTDOOR SPORTS,
INC., Defendant.

No. 77 Civ. 1920 (LFM).

United States District Court,
S. D. New York.

Aug. 31, 1977.

Borowka, Golomb & Muchnick by Alan E. Golomb, Mineola, N.Y., for plaintiff.

Herzfeld & Rubin, P. C. by Herbert Rubin, Edward L. Brinbaum and Howard S. Edinburgh, New York City, for defendant.

MacMAHON, District Judge.

This is a diversity action for damages of $72,854.24, brought by an Italian partnership manufacturing ski boots against a New Hampshire corporation, for goods sold and delivered under a distributorship contract. Defendant is a foreign corporation not subject to in personam jurisdiction in New York. Plaintiff, therefore, attempted to establish jurisdiction quasi-in rem by attaching certain escrow monies held in New York by Beconta, Inc., a corporation which succeeded defendant as plaintiff's United States distributor. The monies represent sums payable by Beconta to defendant under the parties' agreement terminating defendant's distributorship.

Judge Stewart, sitting in Part I, granted the order of attachment ex parte, conditional upon the instant motion by plaintiff under Rule 64, Fed.R.Civ.P., for an order approving the attachment. Defendant opposes, contending that the attachment should be vacated and the action dismissed.

■ We conclude that the attachment must be vacated, even if it is otherwise proper and valid, because the action is barred by New York Business Corporation Law § 1314(b) (McKinney Supp.1977), a statute which must be applied by a federal court sitting in diversity. *Farrell v. Piedmont Aviation, Inc.,* 411 F.2d 812, 815 n. 4 (2d Cir.) (dictum), *cert. denied,* 396 U.S. 840,

90 S.Ct. 103, 24 L.Ed.2d 91 (1969); *Baird v. Day & Zimmerman, Inc.,* 390 F.Supp. 883, 885 (S.D.N.Y.1974), *aff'd,* 510 F.2d 968 (2d Cir. 1975); *Aerotrade, Inc. v. Banque Nationale De La Republica D'Haiti,* 376 F.Supp. 1286, 1288 (S.D.N.Y.1974).

Section 1314(b) bars suit in New York by a non-New Yorker, or by a foreign corporation, against a foreign corporation, except in specified circumstances.[1] It is apparent that the instant case fits none of the enumerated categories in which suit between foreigners would be permitted. The action lacks any requisite nexus to New York. New York was neither the place of the making, nor the contemplated performance of the contract upon which suit is based,[2] § 1314(b); nor did the cause of action arise here,[3] § 1314(b)(3); nor is defendant doing business here, § 1314(b)(5).[4]

■ Plaintiff contends, however, that a choice of law clause in the subject contract operates to bring the case within § 1314(b)(1). The clause provides: "This agreement shall be deemed to have been made in, and shall be construed under, the laws of the State of New York." We believe, however, that the clause does not bring the case within § 1314(b)(1). The provision that the contract "shall be construed under" New York law is a mere choice of substantive law. It does not bring the case within § 1314, for the statute does

---

1. Section 1314(b) provides:

 "Except as otherwise provided in this article, an action or special proceeding against a foreign corporation may be maintained by another foreign corporation of any type or kind or by a nonresident in the following cases only:

 (1) Where it is brought to recover damages for the breach of a contract made or to be performed within this state, or relating to property situated within this state at the time of the making of the contract.

 (2) Where the subject matter of the litigation is situated within this state.

 (3) Where the cause of action arose within this state, except where the object of the action or special proceeding is to affect the title of real property situated outside this state.

 (4) Where, in any case not included in the preceding subparagraphs, a non-domiciliary would be subject to the personal jurisdiction of the courts of this state under section 302 of the civil practice law and rules.

 (5) Where the defendant is a foreign corporation doing business or authorized to do business in this state."

2. Plaintiff admits in its moving papers and affidavits that the agreements between the parties were actually executed in Italy and Massachusetts, respectively.

3. In its moving papers, plaintiff does not allege that acts constituting a breach occurred in New York. Nor does it allege the occurrence here of any other event which could possibly support a conclusion that the cause of action arose here.

4. If it were, this very motion seeking attachment for quasi-in rem jurisdiction would have been superfluous. Cf. N.Y. CPLR § 301 (McKinney 1972) ("doing business" as basis for in personam jurisdiction).

not confer subject matter jurisdiction merely because New York substantive law applies.

The provision that the contract "shall be deemed to have been made in" New York presents a more difficult question. Clearly, jurisdiction would be conferred by § 1314(b)(1) if the contract were actually "made" in New York. The question to be answered, therefore, is whether a contract in fact made outside New York can by agreement of the parties become one "made" here for purposes of § 1314.

Counsel do not cite and our own research has not revealed any New York decision directly in point. However, in *Fidan v. Austral American Trading Corp.*, 8 Misc.2d 598, 168 N.Y.S.2d 27 (Sup.Ct.1957), a contractual provision similar in effect to the one at issue here was held ineffective to confer subject matter jurisdiction under § 1314. There, non-New Yorkers agreed that "only the New York courts shall have jurisdiction over" the subject contract which was in fact made outside New York. 168 N.Y.S.2d at 29. Nevertheless, the court dismissed the action under a predecessor to § 1314, holding that it lacked jurisdiction over the subject matter. That the defendant had agreed to suit in New York was held insufficient to confer jurisdiction, "[f]or, if this were permitted, it would render Section 225 ineffective." *Id.* at 31. Accord, *Emerson Quiet Kool Corp. v. Eskind*, 32 Misc.2d 1039, 1040, 228 N.Y.S.2d 839, 841 (Sup.Ct.1957).

 While we would not be *Erie*-bound by this decision of a lower New York court, even if it were directly in point, *King v. Order of United Commercial Travelers*, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed.

608 (1948); *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), we believe that *Fidan* suggests the proper resolution of the question now before us.[5] Were we to give effect to the deemed made in New York provision, we would allow the parties by agreement to bring within the statute, and hence within our jurisdiction, a contract claim which would not otherwise be cognizable in this court. Yet, it is fundamental that subject matter jurisdiction cannot be conferred by agreement of the parties. This principle, we believe, is sufficient to dispose of plaintiff's contentions based on the agreement. See *Farrell v. Piedmont Aviation, Inc., supra*, 411 F.2d at 815 n. 4; *Fidan v. Austral American Trading Corp., supra*, 8 Misc.2d 598, 168 N.Y.S.2d 27; *Emerson Quiet Kool Corp. v. Eskind, supra*, 32 Misc.2d 1039, 228 N.Y.S.2d 839.

We note further that our decision has the added virtue of preventing the parties from unilaterally avoiding New York's sovereign policy, expressed in § 1314(b), "against lending its courts to the resolution of disputes between nonresident parties . . ." *Simonson v. International Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 435, 200 N.E.2d 427, 429 (1964). Accordingly, we conclude that the contract was not made in New York and that this case therefore does not fall within § 1314(b)(3).

Since this is an action between an Italian partnership and a foreign corporation, and fits within no subdivision of § 1314(b), we lack subject matter jurisdiction. Plaintiff's motion for an order approving the attachment is therefore denied, the attachment is vacated, and the action is dismissed without prejudice to the bringing of another action in a proper forum.[6] Defendant's motion

---

**5.** The decision in *National Equipment Rental, Ltd. v. Graphic Art Designers, Inc.*, 36 Misc.2d 442, 234 N.Y.S.2d 61 (Sup.Ct.1962), is not contrary to *Fidan*. In *National Equipment*, the contract between the parties was actually executed in New York, and the court's language, arguably giving some weight to the clause "deeming" the contract to have been made in New York, was mere dictum, unnecessary to the result.

**6.** Although plaintiff has made no formal motion requesting any other relief, there has been a suggestion that we should transfer this action to the District of New Hampshire under 28 U.S.C. § 1406(a) or § 1404(a). However, since we lack subject matter jurisdiction, we are likewise without power to transfer the case. *Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589, 590–91 (3d Cir. 1961) (§ 1406(a)); *James v. Daley & Lewis*, 406 F.Supp. 645, 649 (D.Del. 1976) (§ 1404(a)); *United States ex rel. Jiminez*

seeking to dismiss or transfer the action on the ground of improper venue or forum non conveniens is denied as moot. In view of our disposition vacating the attachment on statutory grounds, we need not address the question whether our assumption of jurisdiction in these circumstances would comport with due process. See *Shaffer v. Heitner*, —— U.S. ——, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

So ordered.

*v. Conboy*, 310 F.Supp. 801, 803 (S.D.N.Y.1970) (§ 1406(a)); *Raese v. Kelly*, 59 F.R.D. 612 (N.D.W.Va.1973) (§ 1406(a)). Plaintiff's remedy under these circumstances is not a transfer of this action but the institution of another action in a court of competent jurisdiction and venue.