219 N.J. Super. 201 (1987)
530 A.2d 53
WILLIAM STERNBERG & ASSOC., INC., PLAINTIFF,
v.
LITHO SUPPLY, INC., DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided March 20, 1987.
*202 Steven B. Lieberman, for plaintiff (Bowers, Murphy, O'Brien & Lieberman, attorneys).
Claire P. Asselta, for defendant (Teich, Groh, Kline & Frost, attorneys).
ARNOLD, P.J.Cv.
In this action for breach of contract the defendant, Litho Supply Inc., moves to dismiss the plaintiff's complaint for lack of in personam jurisdiction. The motion raises the novel issue of whether a clause in the agreement between the parties stating that the "agreement is governed by the rights, duties and remedies of the Uniform Commercial Code in effect in the *203 State of New Jersey" is sufficient to confer in personam jurisdiction.
Plaintiff, William Sternberg & Associates, Inc., is a corporation doing business in New Jersey. It sells photographic scanners and toward that end placed an advertisement in a national trade magazine which is distributed in New Mexico. The defendant is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico. After reviewing the ad for the scanner, defendant's employees telephoned plaintiff's employees to request additional information. After several cross-country telephone calls and correspondence, the parties entered into an agreement for the purchase of a used scanner, which was sent to the defendant from Washington, D.C. Pursuant to the agreement between the parties, plaintiff had one of its employees go to New Mexico to service and install the scanner and train defendant's employees in its use. Subsequently, a dispute arose between the parties and as a result of that dispute plaintiff instituted this lawsuit for breach of contract.
Defendant has submitted the affidavit of its president, which states that the defendant, through its officers, directors and employees, has not been physically present in New Jersey and has not conducted business in New Jersey. It also states that the "total extent of defendant's contacts with New Jersey were in the form of telephonic and written communications between the two corporations." Finally, it states that plaintiff forwarded the already signed agreement to defendant in New Mexico where it was signed by defendant. The agreement contains the following paragraph: "It is understood and agreed that this agreement is governed by the rights, duties and remedies of the Uniform Commercial Code in effect in the State of New Jersey."
Over the years, the United States Supreme Court has promulgated certain general guidelines to assist in deciding whether it is fair to subject a defendant to suit in the forum state. The *204 defendant's contacts with the forum state must be such that it "should reasonably anticipate being hauled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980). As a result, the minimum-contacts test "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Id. A defendant is on notice that it is subject to suit when "it purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Although the minimum-contacts test centers on the defendant's relationship with the forum state, the sufficiency of the contacts for jurisdictional purposes depends on "the relationship among the defendant, the forum, and the litigation...." Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683, 698 (1977).
Other cases have applied these general guidelines to specific fact situations involving out of state defendant corporations that have ordered products from suppliers in New Jersey. In Avdel Corp. v. Mecure, 58 N.J. 264 (1971) our Supreme Court held the New Jersey courts had in personam jurisdiction over a New York resident who had placed an order with a New Jersey corporation where the defendant knew that the New Jersey corporation would either manufacture the product in New Jersey or obtain it from some other source. The Supreme Court stressed that the defendant travelled to New Jersey to discuss the contract and that the defendant and his wife and son each returned some defective products to the plaintiff's plant in New Jersey. The court also noted that because New York and New Jersey are contiguous, "no special inconvenience would result from maintenance of this suit in New Jersey." Id. at 273. The case of Elizabeth Iron Works, Inc. v. Kevon Construction Corp., 75 N.J. 332 (1978), is also instructive in this regard. In *205 that case the court held that a Pennsylvania corporation that had ordered steel beams from a New Jersey seller was subject to in personam jurisdiction because defendant knew the beams were to be specially fabricated to his order in New Jersey, and the contract was largely performed in New Jersey.
Measured against the contacts found to support in personam jurisdiction in Avdel and Elizabeth Iron Works, it is clear that the "contacts" between the parties in the case at bar are insufficient to establish in personam jurisdiction. No goods were to be manufactured in New Jersey. Indeed, the affidavit of the president of defendant corporation states that plaintiff only acted as a mere broker in this sale. Furthermore, because New Jersey and New Mexico are not contiguous states defendant may be inconvenienced by having to defend this action in New Jersey. The facts in the case at bar are much like those found in N.J.M., Inc. v. Nationwide Fund Raisers, Inc. 180 N.J. Super. 100 (Law Div. 1981). In N.J.M. the plaintiff, a New Jersey manufacturer of machinery, had solicited defendant's business in Chicago and later in Georgia. The actual order was written in Illinois and the machinery was manufactured at defendant's New Hampshire plant. In N.J.M. the Law Division held that there were not sufficient contacts with New Jersey to subject the defendant to in personam jurisdiction in our state.
Nevertheless, plaintiff argues that the telephone calls between the parties coupled with their agreement that New Jersey law shall govern the rights and remedies of the parties confers in personam jurisdiction. Clearly, the telephone calls between the parties have no effect upon in personam jurisdiction. DeLear v. Rozel Packing Corp., 95 N.J. Super. 344 (App.Div. 1967). Thus, the issue to be resolved in this case is whether the paragraph in the agreement between the parties stating that New Jersey law shall govern confers in personam jurisdiction over the defendant. Plaintiff contends that this *206 choice of law provision is the equivalent of a choice of forum. See National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); United Pacific Ins. Co. v. Lamanna's Estate, 181 N.J. Super. 149 (Law Div. 1981). (Parties may agree to submit themselves to the in personam jurisdiction of the courts of a particular state.)
This court is aware of no New Jersey case directly on point with respect to this issue. That is not to say that previous decisions of our courts have never addressed choice of law clauses. Indeed, in Kislak Inc. v. Trumbull Shopping Park, Inc., 150 N.J. Super. 96, 102 (App.Div. 1977), a choice of law clause was specifically noted as a factor taken into account by the court in resolving an in personam jurisdiction question. In the case at bar, however, the choice of law clause is the only factor. If this court were to hold that New Jersey has in personam jurisdiction over the defendant based upon the choice of law clause, it would escalate what had previously been a "factor" to the status of a "determinative standard" for jurisdictional purposes. In this court's judgment this is an unwarranted step given the guidelines and case law in this area. In the case at bar, we have a defendant whose sole connection with New Jersey is a single transaction for the purchase of used machinery delivered from Washington, D.C. Such a contract surely does not have a significant economic impact upon New Jersey. Furthermore, the choice of law clause in this case requires the Uniform Commercial Code in effect in New Jersey to govern the rights, duties and remedies. By its very nature and title, the Uniform Commercial Code is essentially a uniform body of law throughout our country. Although each state may alter the Code as it applies in that state, plaintiff has not come forward with any evidence to indicate that the Uniform Commercial Code of New Mexico is substantially different from the Code enacted in New Jersey. Furthermore, neither party argues that the New Mexico courts would experience any difficulty *207 in construing or applying New Jersey's Uniform Commercial Code.
Research by the parties and the court has disclosed only two cases dealing with the issue of whether a choice of law clause in an agreement constitutes a choice of forum. In Air Kaman Inc., v. Penn-Aire Aviation, Inc., 542 F. Supp. 2, 5 (D.Conn. 1981), there were no relevant "contacts" with the forum state other than the choice of law clause. In that case the court held that "the proposition that a choice of law constitutes a choice of forum is unsound as a matter of logic; understandably, it finds no support in applicable law."
Plaintiff relies upon the decision of the New York Supreme Court in National Equipment Rental Ltd. v. Graphic Art Designers, Inc., 36 Misc.2d 442, 234 N.Y.S.2d 61 (Sup.Ct. 1962). In that case, a corporation doing business in New York sued a California corporation in the New York courts. The defendant's motion to dismiss for lack of in personam jurisdiction was denied for three reasons. First, the last signature on the contract was that of the plaintiffs, affixed in New York. Second, the contract expressly provided that it was deemed to have been made in New York. Third, the contract provided that it was to be interpreted in accordance with the laws of the State of New York. While obviously the choice of law clause was an important factor in National Equipment Rental it was not the sole factor and the court did not hold that a choice of law clause alone would be determinative on the issue of in personam jurisdiction.
In our case, the affidavits submitted by the parties create a factual dispute as to who signed the contract first and where it was signed last. Furthermore, the contract does not specify that it is deemed to have been made in the State of New Jersey. Therefore, National Equipment Rental is distinguishable.
Accordingly, the defendant's motion to dismiss the complaint on the grounds of lack in personam jurisdiction is granted.