## BALL & JENNIE I. HILL, PARTNERS, &c., v. THE CONSOLIDATED FRANKLINITE COMPANY.

1. When a note is given to a married woman and her husband, and a third person as payees, and suit is brought upon the note, without joining the husband, the wife is a proper party, and the non-joinder of the husband could, at common law, be taken advantage of only by plea in abatement. Under our practice act, objections founded on the non-joinder of parties cannot be received by the court, at the trial, except on certain conditions, which do not exist in this case.
2. Evidence of a counter claim to the plaintiff's demand cannot be received without a plea of payment first pleaded, with notice of set-off.
3. When a note is made payable at a particular place, it is to be treated, in all respects, as if made there, without regard to the place where it is dated or delivered.

This cause was tried at the Essex circuit, and there was a verdict for the plaintiff.

A rule to show cause, &c., having been allowed, it was heard before the CHIEF JUSTICE, and Justices HAINES and BEDLE.

For the rule, *B. Williamson.*

Contra, *C. Parker* and *Bradley.*

The opinion of the court was delivered by

THE CHIEF JUSTICE. The first objection to the proceedings in this cause, to which our attention was turned, was that the evidence revealed the fact that one of the plaintiffs was a married woman, her husband not being a party to the suit. The action, in form, was in *assumpsit*, and the plea was the general issue.

The suit was founded on a promissory note, which was given to the married woman conjointly with the other plaintiff, and upon general principles, therefore, the use of her name in the proceedings was proper. The wife was strictly a right party, and the irregularity consists in the non-joinder of the husband. But this is a defect which, at common law, could only be objected to by a plea in abatement. Besides, the supplement to the practice act forbids the reception by the court, at the trial, of all objections founded in the non-joinder of parties, except on certain conditions, which did not exist in this case. This ground of exception cannot prevail.

The second point taken, was that the defence offered at the trial was improperly overruled.

This defence consisted of two parts. The first was an offer to prove that the plaintiffs, to whom the defendants had given the note in question for advances and expenses in procuring for them the assignment of certain shares of stock, had given their notes for such stock to one Van Ranseller, that these notes had never been paid, and that judgment had been obtained upon them in favor of Van Ranseller against the plaintiffs.

It is obvious that the fact of the indebtedness of the plaintiffs to a third party for the stock in question, was a matter in which the defendants had no concern whatever. This branch of the defence was clearly irrelevant.

The second offer was to show that the plaintiffs were indebted to the defendants in a large sum of money, for sundry shares of the stock of the company, sold and delivered to the plaintiffs by the defendants.

This was a mere counter-claim, and as payment with notice of an off-set had not been pleaded, it is clear the offer of this proof was properly overruled at the trial.

The third and last objection to which the attention of the court was directed, was that the note on which the suit rests was usurious.

This note, upon its face, purports to have been made in

New York. It is payable in Jersey City, and in terms calls for the payment of seven per cent. It was proved that the plaintiffs were residents of the state of New York. By force of the act of 1854, (*Nix. Dig.* 402,) and the supplement of 1863, (*Pamph. L.* 28,) a contract made in the county of Hudson, upon which an interest not exceeding seven per cent. is reserved, is legalized, if either party to such contract resides out of this state. As, therefore, the note in this case was made payable in Jersey City, the laws of that locality, on general principles, are to be applied to it. Regarding the instrument as made and delivered in New York, where it bore date, still as by its terms it appears that the parties had in view the laws of another jurisdiction, the rules of the *lex loci contractus* do not apply to the transaction. The clearly settled and unquestionable rule is, that where a note is made payable at a particular place, it is, in all respects, to be treated as if made there, without regard to the place where it is dated or delivered. Applying this principle to the facts in proof, there can be no doubt as to the legality of the paper in suit in this case, for it places the transaction distinctly within the provisions of the statutes above referred to.

Neither would the result be affected by regarding the note in question as being subject to the laws of New York, as there was no attempt made on the trial to show that by force of such laws the contract was in any respect illegal. The laws of that state could not be judicially noticed by the court at the trial; if the defendants relied, for any part of their defence on such foreign laws, they should have been proved as a matter of fact.

The plaintiffs are entitled to judgment on the *postea*.

CITED in *Armour* v. *McMichael*, 7 *Vroom* 94.