HARRY C. SMITH AND ROBERT E. SMITH, TRUSTEES OF THE SMITH TRUST ESTATE, APPELLANTS, v. MARGARET D. SWART, RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

In an action in this state on a judgment obtained in another state, whether the claim upon which the judgment was obtained was based on a debt as required by a statute of the state where the judgment was procured or was for unliquidated damages, is not a jurisdictional question and is to be determined wholly by the courts of that state, it cannot be inquired into in an action brought upon such judgment in this state.

On appeal from the Supreme Court.

For the appellants, *William Newcorn.*

For the respondent, *Earl A. Merrill.*

The opinion of the court was delivered by

LLOYD, J.  The appeal in this case is from a judgment of nonsuit in the Supreme Court entered at the Middlesex Cir-

cuit and from the refusal to direct a verdict for the plaintiffs at the trial before a judge and jury. The action was based upon a judgment obtained in the municipal court of Chicago upon a confession authorized in a written lease between the plaintiffs and the defendant. The answer denied the jurisdiction of the Chicago court.

The proofs in the present case at the time of the granting of the nonsuit were these: An exemplified copy of the judgment in accordance with the act of congress, an exemplified copy of section 88 of an act in relation to practice and procedure in courts of record of Illinois, a lease between the parties, a further exemplification under the act of congress offered in evidence by the defendant containing the entire record of the proceedings in the Chicago court and proof by the defendant herself that no part of the judgment had been paid. Oral testimony was also received by the court whereby the merits of the original case were sought to be controverted. At the conclusion of the entire proofs a motion was made on behalf of the plaintiffs for a directed verdict in their favor and a similar motion was made by the defendant for a directed verdict in her favor. Neither of these motions was allowed by the court, but an earlier motion of the defendant for a nonsuit was granted.

The eighty-eighth section of the Illinois statute provides that "any person having a debt *bona fide* due may confess judgment by himself or attorney duly authorized either in term time or in vacation without process." This act was enacted June 3d, 1907, and of course antedated the commencement of the action in the Illinois court in which judgment was obtained. An examination of the pleadings in the cause in the Chicago court discloses that that action was for rent based upon the lease offered. The lease contained a power of attorney to confess judgment for any rent due, for the costs of the proceedings and a reasonable sum for the plaintiff's attorney fee in and about the entry of the judgment.

From the statement of claim it appeared that the amount of rent unpaid by the defendant for the months therein stated was the sum of $1,350, and there was claimed $90 as attorney fees as provided in the lease. Accompanying the complaint

was an affidavit of the execution of the lease by the defendant and of the amount still due as rents after according to the defendant proper credits thereon.

At the trial of the case it was contended by the defendant and held by the learned trial judge that the sum thus awarded by the Illinois court was not for a debt due as required by the Illinois statute, inasmuch as the rentals unpaid by the defendant much exceeded the amount of the judgment rendered, and that therefore the sum actually awarded must have been for unliquidated damages.

We think in so holding the court fell into error. By the first section of article 4 of the federal constitution it is provided that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

Generally speaking, the only defenses the defendant can make to a judgment obtained in another state when sued upon here are that the court of our sister state did not have jurisdiction of the person or of the subject-matter; that it was fraudulently procured (*Doughty* v. *Doughty,* 28 *N. J. Eq.* 581), or that it had been paid. All defenses existing anterior to the judgment are conclusively determined in the court where the judgment is obtained.

When the motion for a nonsuit was finally acted upon and allowed by the court the proofs adduced made a perfect case for the plaintiffs to which there had been no defense interposed. Nothing had been introduced to impair the jurisdiction of the Illinois court. The defendant had appeared by a duly authorized attorney. That the legislature of that state was competent under the federal constitution to enact a law to permit one to confess judgment direct is clear. Such power is recognized in *Grover & Baker Co.* v. *Radcliffe,* 137 *U. S.* 287, and in our own case of *Hazel* v. *Jacobs,* 78 *N. J. L.* 459. Having enacted such a statute its scope and interpretation as to what constituted a *bona fide* debt under its terms we think became a matter for the courts of Illinois. The Illinois court in the present case entertained jurisdiction of the claim and thereby construed the statute to include a claim for unpaid rent. In doing so it seems to have fol-

lowed the decision in *Fortune* v. *Bartolomei,* 164 *Ill.* 51, and its conclusions cannot be here examined into. *Gulick* v. *Loder,* 13 *N. J. L.* 68, 70. If in fact a judgment wrongfully based has been entered in the Illinois court the remedy of the defendant was to seek redress in that tribunal or in a court of review, and not to contest the lawful determinations of that court when its judgment is made the basis of an action in this state.

The record before us exhibiting a complete case on the part of the plaintiffs, and no valid defense appearing, it was the right of the plaintiffs not only to have the motion for a nonsuit denied, but to have a verdict directed in their favor in accordance with the request made by their counsel, to the refusal of which an exception was duly taken.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 15.