32 N.J. Super. 333 (1954)
108 A.2d 303
NAOMI RUTH LEA, PLAINTIFF-RESPONDENT,
v.
ROBERT M. LEA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 23, 1954.
Decided October 7, 1954.
*335 Before Judges DAVIDSON, HUGHES and PINDAR.
Mr. C. Zachary Seltzer argued the cause for defendant-appellant (Mr. Anthony Mitchell, attorney).
Mr. Morton C. Steinberg argued the cause for plaintiff-respondent.
The opinion of the court was delivered by PINDAR, J.S.C. (temporarily assigned).
Two questions are presented on this appeal: (1) The propriety of the entry of a judgment for accumulated arrearages for support *336 and maintenance under a foreign judgment; and (2) the authority for the trial court to award counsel fees to respondent.
Respondent filed her complaint herein in two counts: (1) for judgment to invalidate in New Jersey the effect of a divorce decree entered by the Ashley County Chancery Court, State of Arkansas, sometime in July 1946, at the suit of appellant; and to restrain use of said decree in New Jersey, or any other jurisdiction, specifically as to any force or effect upon a certain interlocutory judgment of divorce, which included therein an adjudication of support and maintenance for respondent and a child of the marriage in the aggregate sum of $20 per week, entered February 27, 1948, by the Supreme Court of the State of New York (County of Kings); and (2) for judgment of arrears due under the said New York judgment from the date thereof (said to be $5,720), with interest and costs of suit.
The parties were married in New York State in 1925 where they were domiciled until 1942. About 1931 appellant joined the Immigration Service of the Federal Government and after 1942 was assigned at various locations in Massachusetts, Louisiana, California, and re-assigned to New Orleans, Louisiana. They resided together at all those places, except California, with the child until about June 1945. Then they separated because of some marital disruption, after which respondent returned with the child to New York, residing there until about July 1946. An attempted reconciliation in Louisiana, under disputed circumstances, failed and respondent again went to New York to live (leaving the boy with appellant) where she has since about August 1946 continued to reside. (The son, now 22 years of age, has lived with respondent in New York since September 1946.)
Whereupon, appellant instituted his divorce suit in Arkansas grounded on desertion. Respondent did not participate in that proceeding. The said Arkansas court entered its decree of dissolution and provided for the child's support. Shortly after (August 31, 1946) appellant remarried and *337 cohabited with his new wife in Louisiana, Texas, and finally (upon assignment of appellant to Philadelphia, Pennsylvania) in New Jersey, wherein appellant was served herein and where they still reside. This divorce and re-marriage gave rise to respondent's New York action (May 1947). In that suit she charged appellant with adultery (with his second wife), on which ground the aforesaid interlocutory judgment was entered, including the provision for support. Appellant did not defend that action.
By answer filed herein appellant denied respondent's right to relief under both counts, and as separate defenses set forth: (a) that the Arkansas decree was entitled to full faith and credit in this court; (b) that the Arkansas decree was res judicata, in a priority sense, over the New York judgment; (c) that the New York judgment was illegal for lack of due process under the Fourteenth Amendment of our Federal Constitution, in that appellant was not personally served within the State of New York; and (d) that the decretal provision by the Arkansas court for support for the child "in a reasonable amount" was complied with and ample therefor. In other words, appellant's resistance was based upon the validity of the Arkansas marital dissolution as a complete bar to the New York judgment.
Whatever was the reason for respondent to demand under the first count an adjudication here of invalidity of the Arkansas decree, or for that matter to have labored the trial court in that respect, there was no necessity therefor. Undisputably, neither party was ever domiciled in New Jersey during any period of their marriage, nor when the Arkansas court rendered its decree, in which situation the courts of this State would have no concern with their marital res. Also, it follows that appellant's contentions that the Arkansas decree was res judicata here and that full faith and credit be extended to it by this court were untenable.
Our Supreme Court, on the opinion by Justice Wachenfeld in Morrissey v. Morrissey, 1 N.J. 448 (1949), at page 452, held:
*338 "* * * A complainant has no legal status in this State to attack the validity of a divorce decree of a sister state in a direct proceeding instituted for that specific purpose when at the time the decree of divorce was rendered neither the complainant nor the other spouse was a resident of this State. * * *" (Citing Floyd v. Floyd, 95 N.J. Eq. 661 (E. & A. 1924); Greensaft v. Greensaft, 120 N.J. Eq. 208 (E. & A. 1936).
Moreover, the already determined invalidity of the Arkansas decree by the New York court made it pointless to litigate the same issue here, for the reason that the adjudication in New York was entitled to full faith and credit recognition in this State, unless upon entry of that foreign judgment (1) fraud was exercised in its procurement; (2) the questioned court was without jurisdiction over (a) the subject matter at bar, or (b) the person against whom it was rendered. In such respect, fraud must be excluded as not being raised in the record of the trial court or advanced on appeal. Likewise, all doubt over the subject matter is dismissed under the existing circumstantial domicile of the parties in New York State at the time of the suit there. Under respondent's asserted and prevailing domicile in New York State, there was clear judicial authority in its Supreme Court to review and adjudge the marital status of the parties. The factual issue of domicile was squarely raised there and all prevailing defenses were (or should have been) presented to that court for consideration and must be here presumed to have been determined. Smith v. Swart, 103 N.J.L. 150, at page 152 (E. & A. 1926).
In fact, appellant, under respondent's acquired domicile in New York, accedes to the courts of that state jurisdiction of the marriage (res) but in that respect appellant urges the res judicata effect of the Arkansas decree in bar thereof. Such contention is without merit and not legally sustainable under long-settled law that the domiciliary state of one party has jurisdictional capacity to determine the bona fides of the matrimonial domicile. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1944) (second case).
*339 This brings us to our consideration of appellant's principal objection, that the foreign tribunal of New York State was without jurisdiction to include in its judgment an adjudication in personam. Succinctly, that there was no warranted authority in the Supreme Court of New York to enter its judgment for alimony and support in the absence of personal service upon appellant within that state.
Service of process in the New York action was made upon appellant personally in Louisiana by a deputy sheriff of that state. Such accomplished service was under prevailing statutory provisions which the Supreme Court of New York held were apposite.
New York Civil Practice Act, sec. 235:
"A defendant in any case specified in section two hundred thirty-two [* * * 5. Where the complaint demands judgment annulling a marriage, or for divorce, or a separation, or a sum of money only], or a defendant domiciled in the state, may be served with the summons without an order, without the state in the same manner as if such service were made within the state, except that a copy of the verified complaint must be annexed to and served with the summons, and that such service must be made by a person or officer authorized under section two hundred thirty-two [* * * a * * * deputy sheriff * * * of the county or other political subdivision in which the service is made] to make service without the state in lieu of publication. * * *"
The sister state court determined on the proofs presented that New York was the state of appellant's domicile on the service date, and further, that service was perfected in the manner prescribed by its statute. Where, as here, it appears that no steps were taken either at the trial or by appeal in the foreign jurisdiction to contest or otherwise attack such conclusion, our trial court correctly refused to alter, reject or reverse the factual determination of our sister state. Smith v. Swart, supra, 103 N.J.L., at page 153.
The Supreme Court of the United States in Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), held valid under the full faith and credit provision of the Federal Constitution a judgment in personam rendered in the state of defendant's domicile where pursuant to a statute *340 of that state, providing for service of process on an absent defendant, he was personally served in another state. At pages 463 and 464 of 311 U.S., at page 343 of 61 S.Ct. the court said:
"The responsibilities of that citizenship arise out of the relationship to the state which domicile creates. That relationship is not dissolved by mere absence from the state. The attendant duties, like the rights and privileges incident to domicile, are not dependent on continuous presence in the state. One such incident of domicile is amenability to suit within the state even during sojourns without the state, where the state has provided and employed a reasonable method for apprising such an absent party of the proceedings against him. See Restatement, Conflict of Laws, §§ 47, 49; Dodd, Jurisdiction in Personal Actions, 23 Ill. L. Rev. 427. Here such a reasonable method was so provided and so employed."
Also, in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court in the opinion of the late Chief Justice Stone, in which he considered the due process clause of our Fourteenth Amendment, affirmed an in personam judgment (rendered in the State of Washington) against a foreign corporation where service of process was made upon a salesman of the corporation within the state and notice of which was sent by registered mail to the corporation at its home office. In that opinion, at page 316, of 326 U.S., at page 158 of 66 S.Ct. the court said:
"Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.' Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278. See Holmes, J., in McDonald v. Mabee, 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 608. Compare Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 316, 319, 63 S.Ct. 602, 604, 606, 87 *341 L.Ed. 777. See Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158."
Therefore, the judgment of the trial court that the interlocutory judgment of divorce granted by the Supreme Court of New York, County of Kings, on the 27th day of February, 1948, be given full faith and credit in this State was proper. However, the cause must be remanded for further proceedings to have fixed such actual arrearage as may be due under the New York determination. The judgment appealed from does not fix a sum certain, nor is a sum certain ascertainable from its provisions, in view of the state of the record. The complaint demands $5,720 as arrears from February 27, 1948. The appellant testified that he has paid $3,600 as support and maintenance for the child only between the date of the invalidated (in New York) Arkansas decree and July or August 1951. It is apparent that included in the claim of payment there are payments made between the entry of the said Arkansas decree and the New York judgment which are not allowable as credits on the amount due under the latter. Whatever payments ought to be allowed as credits from what may be due, involve respondent's right to alimony for herself under the New York judgment, as well as support for the child.
It is noted that appellant raises for the first time on this appeal the question of the finality of the New York judgment, as to support and maintenance, because of the asserted attitude of the New York law to reserve to that state the right to control, by way of modification, such an award. This question not being raised in the trial court was not considered on this appeal. We note that it was presented here as a sub-point in appellant's supplemental brief. On remand it is thus not to be interposed as a defense to any amount found to be due prior to the date of the entry of the judgment appealed from.
We come now to appellant's objection to the allowance of a counsel fee to respondent in the sum of $1,000. In that *342 respect the authority of the trial court was confined to our rules for civil practice and procedure providing for such award.
R.R. 4:55-7 (formerly Rule 3:54-7). Counsel Fees.
"No fee for legal services shall be allowed in the taxed costs or otherwise, except:
"(a) In a matrimonial action. In such an action the court in its discretion may make an allowance to be paid by any of the parties to the action, charging, if it deems it to be just, any party successful in the action; but no allowance shall be made as to nonmatrimonial issues joined with matrimonial issues." (Italics added.)
In Whitehead v. Villapiano, 16 N.J. Super. 415 (App. Div. 1951), it was held correct for the trial court to have refused counsel fees in a suit for the collection of arrearages due under a foreign alimony judgment, and at page 426 said:
"(10) Plaintiff's second and last point is that the trial court erred in holding that this was not a `matrimonial action' within Rule 3:82(b) and upon that ground denying her application for an allowance of counsel fees. The definition of `matrimonial action' stated in the rule includes `in general, all actions directly involving * * * the support of wives and former wives,' and plaintiff argues that this action is within the cover of that provision. But her action does not `directly' involve her support. As pleaded and tried it is in legal essence simply an action upon a debt of record and not a suit for alimony. Lawrence v. Lawrence, 196 Ga. 204, 26 S.E.2d 283 (1943). The trial judge correctly viewed the first count as pleading a claim cognizable at law and proceeded to judgment only after counsel waived a jury trial."
Thus, it is clear that no allowance of a counsel fee was proper under the respondent's second count. As is stated in the Whitehead case, such a count pleads a claim cognizable at law.
Although the first count presents what is, in the abstract, a "matrimonial cause of action," we have held such presentation to have lacked purpose. In the circumstances we are not disposed to expand the jurisdiction to award counsel fees and accordingly the allowance thereof to the respondent should not have been made.
*343 The right of respondent to have judgment for arrearages due under the judgment of the New York court is affirmed; the award of counsel fees to respondent is reversed and the cause is remanded for further proceedings to determine the amount of arrearages due and for the entry of judgment therefor, in accordance with this opinion.