422 A.2d 1272 (1980)
ROSEMARY K., Petitioner,
v.
KEVIN D. C., Respondent.
Family Court of Delaware, New Castle County.
Submitted April 24, 1980.
Decided June 18, 1980.
James A. Littman, Asst. Atty. Gen., Bureau of Child Support Enforcement, for petitioner.
Bayard J. Snyder, Wilmington, for respondent.
*1273 HORGAN, Judge:
On September 18, 1979, petitioner and her attorney from the Bureau of Child Support Enforcement appeared for a hearing on a reciprocal support petition. Counsel appeared on behalf of respondent. He informed a Master that his client had received notice of the hearing by ordinary mail at the client's New Castle County address, and he moved to quash service or dismiss the action because his client had not been served properly. The Master overruled the motion and took testimony from the petitioner. The Master found (1) that he had jurisdiction over the respondent under the reciprocal support petition, (2) that the respondent was the father of the child in question, and (3) that the respondent should pay support in the amount of $30.00 per week through the Bureau of Child Support Enforcement. This order was not appealed. On January 17, 1980, a motion was made by counsel for respondent to the Master requesting he set aside his decision because the decision was not founded upon proper jurisdiction. This motion was denied.
An appeal was taken from this denial. Counsel argued to this Court that he had entered a special appearance in the first instance and the Court was without jurisdiction to enter its original order. This Court ruled that Delaware did not recognize special appearances, citing Brainard v. Canaday, Del.Super., 112 A.2d 862 (1955), and dismissed the appeal. Counsel motioned the Court to reconsider its decision.[*]
This is the Court's reconsideration. The Court misread the Brainard case. It does stand for the proposition that special appearances are abolished in this State, except in certain instances. Chrysler Corporation v. Dann, Del.Super., 171 A.2d 223 (1961). However, the reasoning of the Court was that special appearances were unnecessary because Superior Court Civil Rule 12(b) allowed a litigant to raise the issue of jurisdiction or insufficiency of service of process by motion.
The Family Court does not have a Rule 12(b). It seems appropriate, therefore, that the respondent should be allowed to either enter a special appearance or that the Superior Court Rules should apply to this case. It has been consistently held by this Court that when the rules of the Family Court do not cover a factual situation, the rules of Superior Court which would cover that situation apply. John B. v. Diane B., Family Court No. 1420, 1979, Gallagher, J. (6/14/80).
Whether respondent's appearance is deemed a general or special appearance is of no consequence because, under either appearance, he has the right to challenge the service of process. To be consistent in applying the Superior Court Rules when Family Court has no rule to cover the situation, the Court rules that respondent made a general appearance.

*1274 "A general appearance by the defendant, without previous objection to the process or return, operates as a waiver of defects in the process, in the steps preliminary to issuance, in the omission of the signature of the issuing officer, or in the service or return of the process, whether the defendant appears before or after judgment. His position is just what it would have been had he been brought in regularly by service of process." 5 Am. Jur.2d Appearance, § 7.
The respondent has consistently challenged the service of process upon him and the resulting lack of jurisdiction over his person. A litigant who has raised an objection to the service which compelled his appearance has the right to a ruling on this issue and, if he is right, to have the action against him dismissed. Gosnell v. Whetsel, Del.Supr., 198 A.2d 924 (1964). Thus, this Court's initial dismissal of respondent's appeal was in error.
As a general rule, a court may acquire jurisdiction over the person of an individual either by personal service on the party, whereby he is brought into Court, or by the individual voluntarily appearing. The respondent, as pointed out supra, has not voluntarily appeared.
Chapters 5 and 6 of Title 13 of the Delaware Code do not state what type of service is necessary to acquire jurisdiction over a respondent. Family Court Rule 110 provides that a summons shall issue which shall be served upon the defendant. It goes on to state that once service has been made upon the respondent or he has voluntarily entered his appearance, the Court may notify him of any further proceedings by mail. This obviously implies that the summons must be served personally. McCoy v. Hickman, Del.Super., 15 A.2d 427 (1940). In that case, the Court of Common Pleas had granted judgments against Mr. McCoy. The Sheriff's return read as follows:
"Summoned William I. McCoy by leaving a true copy of the within writ together with a copy of the plaintiff's statement of claim at his usual place of abode * * * in the presence of * * *, an adult white person on the eleventh day of March A.D. 1940, six days before the return day of this writ. Returned this eighteenth day of March, A.D. 1940."
No appearance was entered by the defendant. The judgments were subsequently filed in the Superior Court, and the plaintiff petitioned to have them vacated. The Court held:
"The law provides two methods of service of process: one is actual service, as by reading the original process to the defendant or delivering to him a copy thereof; the other is a substitutional or constructive service, as by leaving a copy of the process at the defendant's residence when he is absent, or by some form of notice by mail or publication as the statute may direct.
"Personal service is the primary method of obtaining jurisdiction over the person of a defendant; and, in the absence of a statute authorizing a substitutional method, service of process must be personal. Webb Packing Co. v. Harmon, Del.Super., 196 A. 158; 21 R.C.L. 1269."
The Court of Common Pleas is obviously a court of limited jurisdiction. That statement is equally true of the Family Court. State ex rel. Colatriano v. Colatriano, Del.Super., 301 A.2d 531 (1972). Statutory courts have no authority or jurisdiction, excepting that as conferred upon them by statute, and the authority which is conferred upon them by statute can be exercised only in the manner as provided by the statute. In re Thorne, Del.Super., 93 A. 557 (1915). Neither the support chapter (5) nor the reciprocal support chapter (6) of Title 13, under which this case was decided, makes provision for substitutive service-in particular, service by ordinary mail, as was performed in this case. I must conclude, therefore, that the initial service of process was defective and the Court, not having jurisdiction over the individual, was without authority to enter its order. The order is hereby vacated. This vacation of the order is without prejudice.
IT IS SO ORDERED.
NOTES
[*] The State never filed any response to the motion or to the supporting memorandum.