**Elizabeth M. PRYBOLSKY, Petitioner,**

v.

**William PRYBOLSKY, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted March 12, 1981.

Decided April 13, 1981.*

Joseph S. Yucht, Wilmington, for petitioner.

H. Alfred Tarrant, Jr., Wilmington, for respondent.

GALLAGHER, Judge.

Before the court is respondent's motion challenging the court's jurisdiction over his person, asking that the purported service of process be quashed because he is a non-resident of the State of Delaware and (1) the purported service upon him by registered mail was ineffectual because Family Court Rule 110(c) requires personal service of initial process, and (2) the purported service pursuant to 10 *Del.C.* § 3104 (the long-arm statute), was ineffectual because the statute is inapplicable to a support proceeding.

---

* The opinion was modified by the court *sua sponte* on April 28, 1981. The time for reargument or appeal shall be computed from April 28, 1981.

## 1.

The parties are husband and wife and lived together as such with their 13 year old daughter in New Castle County, Delaware, until respondent moved from the marital domicile on September 1, 1980, and took up residence in the State of Pennsylvania.

On December 30, 1980, petitioner filed her petition for support for herself and the child. Petitioner's counsel gave precise direction to the clerk of the court to effectuate service of process as follows:

1. Pursuant to Rule 110(c)(1), by sending to respondent a copy of a summons and petition, *certified mail* with return receipt requested, to his correct address in Pennsylvania.

2. Pursuant to 10 *Del.C.* § 3104, by serving the Delaware secretary of state, with summons, a copy of the petition and a check for $2.00.

I cannot tell from the record whether the clerk sent a copy of the summons and petition to respondent by certified (or even regular) mail as prescribed by Rule 110(c)(1).

With letter dated January 14, 1981, petitioner's attorney sent to respondent, registered mail return receipt requested, a notice consisting of a copy of the process served upon the secretary of state and a copy of the petition, and informed respondent that under 10 *Del.C.* § 3104, service upon the secretary of the state is as effectual to all intents and purposes as if it had been made upon him personally within the state.[1] This letter was received by respondent on January 24, 1981, when he signed the return receipt card for the postal service. An affidavit dated February 3, 1981, was filed with the court containing these documents.

## 2.

Did the court acquire jurisdiction over respondent if it is assumed that the clerk sent a copy of the summons and petition to respondent by certified mail?

Petitioner contends that 10 *Del.C.* § 3103(a), authorizes service by certified mail pursuant to Rule 110(c). But respondent replies, and I agree, that this statute applies only to the Superior Court and not to Chancery or "... such inferior courts as might be established by the Legislature." *McCoy v. Hickman*, Del.Super., 15 A.2d 427, 430 (1940). This court did not exist when the statute became law and I hold that it is inapplicable to process issue by Family Court.

The only statute that might conceivably have application is 13 *Del.C.* § 511, reading as follows:

"Proceedings may be instituted in accordance with rules adopted by the Court, or upon a petition in which the petitioner alleges that defendant owes petitioner a duty of support and has refused or failed to provide such support."

The applicable provisions of Rule 110(c) read as follows:

"A summons shall be served upon the defendant ... Service of the summons may also be effected by leaving a copy thereof with some person of suitable age residing at the defendant's usual place of abode. Personal service of a summons may be made by any police officer or any suitable person under the direction of this Court. Notice of the time, date and place of any proceeding shall be given by mailing a copy of the summons to the defendant at his last known address.

(1) Extra-Territorial Notice. When the defendant resides outside the State, notice may be given by sending a copy of the summons and petition by certified mail to him at his last known address, with a return receipt requested."

Certain things are clear to me from looking at the statute and rule. The statute does not specify how service is to be accomplished and, most importantly, does not authorize substituted service. Under the rule there are provisions for personal and substituted service. Substituted service includes

---

1. Respondent has not challenged the procedure used here to obtain jurisdiction under the long-arm statute, his challenge being limited to the

application of the statute to this kind of proceeding.

leaving a copy of the summons at defendant's usual place of abode, ordinary mailing to a defendant whose last known address is in this state or by certified mailing to his last known address if he resides outside the state.

The decision in *Rosemary K. v. Kevin T. P.*, Del.Fam., 422 A.2d 1272 (1980), leads logically to a disposition of this issue. There the court had to decide whether in a reciprocal support proceeding jurisdiction was acquired over respondent when a copy of the summons was sent to him by ordinary mail at his New Castle County address. Since neither the support nor the reciprocal support chapters of title 13 makes any provision for substituted service and, in particular, service by ordinary mail, it was held that service of process was not effective and the court did not acquire jurisdiction over respondent. This decision was followed by the important unreported decision of this court, *Kalvinsky v. Kalvinsky*, No. D–423 (Del.Fam. September 9, 1980), wherein it was held that service of process at the initiation of any action must be personal and that service by mail is deemed sufficient only for further proceedings once a defendant had been personally served with process.

■ I agree with these holdings. The statute does not authorize substituted service. Therefore, any purported service by certified mail was ineffective and did not subject respondent to the court's jurisdiction.

### 3.

Did the court acquire jurisdiction over respondent under 10 *Del.C.* § 3104 (the long-arm statute)?

10 *Del.C.* § 3104(c), speaks to the jurisdictional issue as follows:

"(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;"

The last matrimonial domicile of the parties was in New Castle County, Delaware. Clearly, there is a public interest in having this litigation occur in this forum where all of the parties lived together. There is also an interest in providing petitioner and the child with an effective means of redress. This would, of course, include the right of this state to seek reimbursement for public funds, if any, expended for the welfare of respondent's dependents. Furthermore, there is no unfairness in requiring the spouse who has left the last matrimonial domicile to return here to answer the claims of the spouse who remains in that domicile.

A similar problem was before this court in *Wilson v. Wilson*, No. 234–78 (Del.Fam. September 9, 1980). In this important unreported opinion the court was faced with the question as to whether service of process could be accomplished under the long-arm statute where the parties had entered into a separation agreement in Delaware, had lived continuously in Wilmington, Delaware, for almost 16 years, and engaged in extensive negotiations in Delaware to settle their marital affairs which culminated in the execution of a separation agreement reciting that the parties "are of Wilmington, Delaware", and that their agreement should be interpreted and governed by the laws of Delaware. The wife and children then continued to reside in Delaware although respondent took up residence in another state. It was held that the language of section 3104 "transacts any business . . . in the state", is sufficiently broad to invest jurisdiction in the court under the facts of that case, citing with approval *Egbert v. Egbert*, 125 N.J.Super. 171, 309 A.2d 746, 748, 749 (1973), containing the following most instructive language:

"... Rapid technological developments improving the speed and facility of transportation necessitate an expanded scope of jurisdiction. The inconvenience and hardship experience in requiring resort to a foreign forum, the cost of which could inhibit the plaintiff-spouse from ever bringing any action and financially dilute whatever award the spouse might win, further supports an expanded base of jur-

isdiction. Also, the convenience of hearing the action where the cause of action arose; the enjoyment, by the departed spouse, of the rights and protections of the matrimonial state while residing in that state; the contraction of the marriage and residence in the marital state and the consequent obligations arising therefrom; and the perpetration of the acts in the matrimonial state which gave rise to the cause of action, all support the legitimacy and need of a minimum contacts jurisdictional basis."

\* \* \* \* \* \*

"... The last matrimonial domicile would seem to be the proper forum where divorce, support and custody cases can be litigated. The existence of a marital domicile in a state has as many consequences as economic activity does (*McGee v. International Life Ins. Co.*, [355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223] supra) and should satisfy due process requirements so as to permit in personam jurisdiction for the award of alimony and child support against a vagrant spouse."

\* \* \* \* \* \*

"See discussion in Goodrich on Conflicts, 'Jurisdiction of Courts', § 73 at 118 (1964); see also, *Lea v. Lea*, 32 N.J.Super. 333, 108 A.2d 303 (App.Div.1954). And the Restatement, Conflict of Laws 2d, § 77, comment (C) (1971), states:

> The state of matrimonial domicile, which is the state where the spouses were domiciled when they last lived together as man and wife, should usually at least have jurisdiction to grant support if the plaintiff spouse has continuously remained domiciled there."

\* \* \* \* \* \*

"... Holding an individual responsible for his actions in the state, where they occurred does not violate due process. (at 296–297); "Using Long Arm Jurisdiction to Enforce Marital Obligations," 42 Miss. L.J. 183 (1971)___wives who need support most are least able to litigate across state lines; "Extension of the Illinois Long Arm Statute___Divorce and Separate Maintenance," 16 DePaul L.R. 45

(1966)___a state is as interested in marriage and the family as it is in tortious acts or the doing of business; ..."

■ I believe that the last matrimonial domicile presents a proper forum for litigating support matters. While it might be suggested that the existence of the Uniform Reciprocal Enforcement of Support Act affords a petitioner with a remedy in the jurisdiction where the respondent resides,[2] there still is inconvenience and hardship for a local petitioner seeking relief in a foreign forum and the remedies (and their enforcement) available in that forum may not be as effective as those in the local forum. Marriage is a contract and the support and other rights springing from that contract certainly have financial and business implications. Therefore, it makes good sense to say that the "doing business" provision of the Delaware long-arm statute is broad enough to permit this court of the last matrimonial domicile, in a support action, to acquire jurisdiction over a spouse who has left that domicile.

■ I hold, therefore, that this court can acquire jurisdiction over a respondent outside Delaware under the long-arm statute where: Delaware is the state of last matrimonial domicile; respondent has departed Delaware either temporarily or to establish a new residence outside Delaware; petitioner has continued to reside in Delaware; petitioner has filed a petition for support in Delaware for a child of the marriage and/or for herself; and service of process upon respondent is accomplished properly under the statute. Finding these conditions to be satisfied in this proceeding I deny respondent's motion to quash service of process achieved under the long-arm statute, hold that the court has acquired jurisdiction over respondent and direct that this matter be set down for hearing on the merits.

IT IS SO ORDERED.

---

**2.** This law (U.R.E.S.A.) is in force both in Pennsylvania and Delaware.