**Eduardo MATOS, Petitioner,**

v.

**Anna Marie MATOS, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: April 8, 1986.
Decided: April 15, 1986.

Kenneth F. Carmine, Wilmington, for petitioner.

H. Alfred Tarrant, Jr., Wilmington, for respondent.

GALLAGHER, Judge.

### I.

Respondent has moved the Court for an order staying the present action pending resolution of the parties' previously filed divorce action in Pennsylvania. Petitioner opposes the motion. By order dated March 19, 1986 an order was entered by this Court temporarily staying the above action.

### II.

On November 7, 1985 wife, a resident of Kennett Square, Pennsylvania sued husband, a Delaware resident, for divorce in Chester County, Pennsylvania. Wife avers that she intends to pursue the Pennsylvania divorce action diligently.

On December 5, 1985 husband sued wife for divorce in Wilmington, Delaware. A copy of the Delaware divorce petition was received by wife on February 27, 1986.

The county seat for Chester County Pennsylvania is West Chester, Pennsylvania. There is little appreciable distance between West Chester, Pennsylvania where wife lives and Wilmington, Delaware where husband lives. Before husband took up residence in Wilmington, Delaware he, wife and their children resided in Kennett Square, Pennsylvania. Both parties are employed in Wilmington, Delaware. They own a home and furnishings in Kennett Square, Pennsylvania. They have stock interests in Delaware corporations. They maintain bank accounts in Delaware banks. Husband claims that if there is any question about custody of two minor children that litigation would have to take place in Delaware. (I think this must be a misstatement because obviously the home state for these children is Pennsylvania not Delaware.)

Paragraph 6 of the divorce petition filed by husband in this Court reads as follows:

Petitioner has never heretofore brought an action against respondent in any court for divorce or annulment and as far as petitioner knows, no such action has ever been brought by respondent against peti-

tioner, nor have there been any prior matrimonial proceedings between the parties.

I am somewhat mystified by the above allegation. I will only assume at this time that husband had no knowledge of the filing of the Pennsylvania divorce action when he filed for divorce in Delaware.

### III.

Generally, priority controls in cases of concurrent jurisdiction. The principle is stated in 20 Am.Jur.2d *Courts* § 128 as follows:

As a general rule the exercise of concurrent jurisdiction is controlled by the principle of priority. According to this principle the court of concurrent jurisdiction that first exercises it thereby acquires exclusive jurisdiction to further proceed in the case. In other words, once a court of concurrent jurisdiction has begun to exercise its jurisdiction over a case its authority to deal with the action is, subject to appellate review, exclusive until it is completely disposed of, and no other court of concurrent jurisdiction may interfere with the proceedings thus pending ...

*Husband H. v. Wife H.*, Del.Supr., 388 A.2d 1197 (1978) (Order) is in point. In that case the wife petitioned for divorce in Delaware and husband moved to dismiss the petition or stay the proceedings pending the outcome of a previous divorce action filed by wife in Pennsylvania. Family Court refused to dismiss or continue the action and granted the divorce decree. Husband then appealed to the Supreme Court challenging wife's residence in Delaware, contending that the Family Court lacked jurisdiction to grant the divorce. In reversing the judgment of the Family Court and remanding with instructions to vacate the decree and stay the action until resolution of the Pennsylvania suit the Supreme Court stated:

A Delaware suit will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and same issues; however, as a general rule, and within the discretion of the Trial Judge, litigation should be confined to the forum in which it was first commenced, and as a matter of comity the Delaware Court should defer to the Court in which the action was first initiated; *McWane Cast Iron P. Corp. v. McDowell-Wellman E. Co.*, Del.Supr., 263 A.2d 281 (1970).

In *R. v. R.*, Del.Fam., No. 2211, Wakefield, J. (February 21, 1980), a motion to dismiss was before the Court in a divorce action on grounds that a prior filed divorce proceeding was then pending in the State of Maryland. In that case both parties lived in Delaware in a home titled in joint names until wife moved to the home of her parents in Maryland. The parties owned property in the State of Delaware and except for a bank account and certain other assets which wife took with her all marital assets were situate in the State of Delaware. Counsel for the parties were engaged in negotiations. Husband's Delaware counsel asked wife's Maryland counsel to supply him with the original certificate of marriage so that he might file a divorce action in Delaware. The Maryland attorney promised to send the certificate but failed to do so. Wife and her attorney then filed a complaint for divorce and ancillary relief in the State of Maryland. Eight days later husband filed a divorce action in Delaware. Two days later husband was served with the Maryland divorce petition. The Court stated husband's contentions as follows:

The Petitioner argues, inter alia, that Respondent's Maryland attorney was guilty of deception when he first promised to send a marriage certificate, then failed to do so, and filed a Maryland divorce proceeding six days after the telephone conversation. He also argues that the parties lived in Delaware during their whole marriage until Respondent left the jurisdiction, that all of the property of the parties is in Delaware, that Maryland may have no jurisdiction with

respect to the Delaware real property, and that the Courts should not honor a "race to the courthouse."

The following language from the Family Court opinion is most helpful:

While the Order of the Supreme Court in *Husband H. v. Wife H.* does state that "as a general rule, and within the discretion of the Trial Judge, litigation should be confined to the forum in which it was first commenced ..." the order does not specify the parameters of or limitations on the exercise of discretion by the Trial Judge. In the case before the Supreme Court, a divorce action had been lying dormant in the Courts of Pennsylvania for some seven years and even though the Petitioner therein wished to have the petition dismissed, she could not do so because of the insistence of the Respondent on including unsatisfactory conditions in the stipulation of dismissal. Yet, despite the unreasonable position of the Respondent, the Delaware Supreme Court nevertheless held that it was error for the Delaware Family Court to proceed with the divorce. It is hard to contemplate a stronger factual basis for refusing to grant a stay. In view of this, until the Supreme Court speaks more fully on the subject of the areas in which the Family Court has discretion to proceed with a Delaware divorce action in the fact of a prior-filed foreign divorce action, I feel compelled to hold that the case of *Husband H. v. Wife H.* is controlling on this Court.

The Family Court stayed the Delaware action pending a final determination of the Maryland action on condition that wife in the Maryland action proceed in a normal time frame towards the final resolution of the action and provided further that husband should be permitted by the Maryland courts to enter such defenses to the Maryland action as might be appropriate.

After considering the facts and the law, I conclude in keeping with the earlier Delaware authorities that I should also stay the Delaware action on the same conditions recited by Judge Wakefield.

Wife, the first divorce petitioner, chose to litigate the matrimonial controversy in Pennsylvania. Both parties have substantial contacts in Pennsylvania. Wife still lives there with the minor children. Pennsylvania is the forum of last marital domicile. *See, Prybolski v. Prybolski*, Del. Fam., 430 A.2d 804 (1981). Both parties are employed in Delaware. Wife is a resident of Kennett Square, Pennsylvania and husband is a resident of the State of Delaware. There is little appreciable distance between West Chester, Pennsylvania and Wilmington, Delaware. It is no more inconvenient for husband and his witnesses to travel from Wilmington to West Chester for judicial proceedings than it is for wife and her witnesses to travel from Kennett Square to Wilmington, Delaware for proceedings here. There has been no contention that Pennsylvania divorce laws fail to afford relief which is available in Delaware. Accordingly, the above action is stayed pending resolution of wife's previously filed Pennsylvania divorce action.

SO ORDERED.